*Decision will be entered under Rule 50.*

IRVING AIR CHUTE COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96120. Promulgated April 9, 1943.

*Ralph M. Andrews, Esq.*, and *Arthur E. Surdam, C. P. A.*, for the petitioner.

*Henry C. Clark, Esq.*, for the respondent.

885

**OPINION.**

ARUNDELL, *Judge:* The sole question to be decided is whether, in the circumstances disclosed by the findings, petitioner is entitled to the

credit allowed by section 131 (a) (1) of the 1934 Act[2] for income taxes paid or accrued to a foreign country. Upon the record presented in *Trico Products Corporation*, 46 B. T. A. 346 (on appeal, C. C. A., 2d Cir.), we there held that a credit was not available to an American recipient of patent royalties from which amounts had been withheld under General Rule 19 (2) by a British licensee. In so holding we relied upon the decision of the Supreme Court in *Biddle* v. *Commissioner*, 302 U. S. 573, a case involving dividends paid from British sources. Inasmuch as the question of foreign law is a matter of proof, the present petitioner contends that it is not precluded by the result reached in the *Trico* case and that upon the showing made in the present record a contrary decision is required. It was said in the *Trico* case, p. 383, that "we have before us only 'The Income Tax Act, 1918' and statutory amendments thereto. We must accordingly consider that recourse to British case law and interpretation would be beyond the scope of this record * * *." In the case at bar there have been introduced the Income Tax Act, 1918, various Finance Acts for particular years, and the complete texts of numerous cases decided by the courts of Great Britain. In addition to these we have the benefit of a 100-page deposition upon written interrogatories and cross-interrogatories of Mr. John Stuart Scrimgeour, an English barrister-at-law who specializes in revenue matters.

The question is not free from difficulty, but upon the whole record before us we are of opinion that the Commissioner correctly denied the credit.

An income tax was imposed upon the gains and profits of the British company under schedule D. The applicable rules provide that the tax shall be charged without any other deduction than is allowed by the act, and that in computing the amount of profits or gains to be charged no sum shall be deducted in respect of any royalty paid for the user of a patent. The British company accordingly paid tax upon its profits without the allowance of any deduction on account of royalties paid to petitioner. The tax was levied upon and assessed against the British company, was collected from it, and the remedies for nonpayment would have run against it. So far as concerns the present case this was the only tax received by the Crown. Petitioner insists that a portion of such tax was a tax paid by petitioner to a foreign country.

---

[2] SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States.

General Rule 19 (2) prescribes that if a royalty is paid wholly out of taxable profits, as is true in the present case, the payor shall be entitled on paying the royalty to deduct thereout "a sum representing the amount of the tax thereon." The British company in the instant case availed itself of the privilege thus granted by statute, and withheld $25,547.88 from the royalties payable to petitioner. This withholding, we are told, was the equivalent of the payment of a tax by petitioner. It should be observed, however, that the matter of withholding was entirely within the discretion of the English company. The amount of the latter's tax liability was exactly the same, whether it withheld from petitioner or not.

Whether petitioner is entitled to credit for foreign taxes paid "must ultimately be determined by ascertaining from an examination of the manner in which the British tax is laid and collected what the stockholder has done in conformity to British law and whether it is the substantial equivalent of payment of the tax as those terms are used in our own statute." *Biddle* v. *Commissioner, supra.* It is not conclusive that the recipient of the royalty is regarded in the English law as having paid a tax by deduction. That he is so regarded is the view adopted by petitioner's expert witness, who took the position that the British company, in paying the amount assessed against it, paid a tax upon its own profits and at the same time accounted to the Crown for a tax due from petitioner which it had withheld. This is based upon the theory that royalties are an item of expense, rather than income, to the British company, and to the extent the British company's tax resulted from failure to allow a deduction of such expense the tax is not to be regarded as an income tax upon the British company, but rather upon the recipient of the royalty, as to whom the royalty constitutes income.

We think such a theory goes beyond the mere "manner in which the British tax is laid and collected," and finds no support in the statutory law or the cases introduced. So far as we are advised no case holds that in paying a tax levied upon it, a British company is at the same time accounting as an agent to the Crown for a tax withheld by it under General Rule 19 (2).[3] Indeed, the judgment of the House of Lords in *Commissioners of Inland Revenue* v. *Dalgety & Co., Ltd., supra,* points in the other direction. In that case the taxpayer claimed relief from British income tax paid by it and the claim was resisted by the Crown upon the ground that a portion of the tax had been passed on by the taxpayer by withholding an amount on the payment

---

[3] This may be true with respect to an amount withheld under Rule 21 (1), *In re Lang Propeller, Ltd.,* supra, which applies where the royalty is paid from other than profits or gains taxable to the payor. In that event the statute plainly directs the payor to withhold the tax and account for it to the Crown. There is no duty to account for amounts deducted under Rule 19 (2), and the payor is liable for his own tax as a taxpayer.

of interest to its bondholders. The statute granted relief to a person "who has paid, by deduction or otherwise, United Kingdom income tax." The argument that the taxpayer had not paid the portion of the tax which had been passed on to the bondholders was rejected, as follows:

Taking the words in order there can be no doubt the Company did pay "United Kingdom income tax" on the full amount. The Income Tax Charged "in accordance with the provisions of the Income Tax Acts" was charged on the whole of its profits and gains. Nothing less would have been accepted and no other person was liable to make the payment. But it is urged that even if this be accepted, to the extent of the debenture interest, the payment was made on behalf of the debenture-holders. To this extent that is true, namely, that, having paid, the Company was entitled to deduct the tax from the debenture interest, and, to the extent of that deduction, it was the debenture-holders' tax that was thus discharged. But it was not the debenture-holders who made the payment, but the Company. By Section 209 of the Act of 1918, which remains unrepealed, it is expressly provided that in arriving at the amount of profits or gains for the purpose of Income Tax "no deduction shall be made on account of any annual interest, annuity or other annual payment to be paid out of such profits or gains in regard that a proportionate part of the tax is allowed to be deducted on making any such payment," and by General Rule 19 of the Act of 1918 it is expressly provided that the whole of the profits and gains shall be assessed and charged with tax on the person liable to the interest or annual payment without distinguishing the same. In accordance with this the Company and they alone could be assessed, from them alone was the amount of the assessment claimed, by them alone was it paid, and they were prohibited from making any deduction from such assessment in respect of annual sums charged on their profits.

\* \* \* The Company pays tax on the whole of that part of its income which is also subject to Dominion Income Tax and none the less that on making a payment of interest payable out of its profits and gains it deducts, as it is entitled to do, the tax payable by the recipient. The Company is not accountable to the Revenue for this tax nor does its right to deduct it depend upon its having paid its own tax on its profits and gains (see Rule 19 of All Schedules Rules).

This is a clear holding that the English company pays a tax upon the whole of its profits, notwithstanding a part of those profits for tax purposes consisted theoretically of expense items which were made nondeductible by Parliament. The gist of the case is that in so doing the English company pays its own tax and does not account to the Crown for a tax withheld from its payee.

It is foreign to our law to regard the same tax as paid by two different taxpayers. Consequently, if the only tax paid was a tax paid by the English company as its own tax, there is no scope for saying that petitioner also paid the tax. The following quotation from the *Biddle* case is equally pertinent here:

\* \* \* It can hardly be said that a tax paid to the Crown by a British corporation subject to United States income tax is not a tax paid within the meaning of section 23 (c) (2), of the 1928 act, which allows a deduction from gross income for taxes paid to a foreign country, cf. *Welch v. St. Helens Petroleum*

*Co., Ltd.*, 9 Cir., 78 Fed. (2d) 631, or that its stockholders could take credit under section 131 for their share of the tax on the theory that they also had paid it.

The argument is made by petitioner that a tax was imposed upon it by sections 1 and 2 of schedule D, which broadly levy a tax upon gains arising from any property or trade. Upon this ground petitioner seeks to distinguish the *Biddle* case, inasmuch as dividends, as opposed to royalties, are not regarded in Great Britain as income (for normal tax purposes) in the hands of stockholders. If a tax was imposed upon petitioner, the crucial fact nevertheless remains that petitioner did not pay it. The fact of liability to income tax in and of itself does not justify a credit. It is not enough that under some conceivable circumstances it might have been required to pay. The tax paid in the instant case was not petitioner's tax within the meaning of our statute.

For the foregoing reasons and upon authority of *Biddle* v. *Commissioner, supra,* and *Trico Products Corporation, supra,* we hold that petitioner is not entitled to the claimed credit.

*Judgment will be entered for the respondent.*